JUDGE CROTTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF CASE

---------------------------------------------------------------

TIMOTHY MANGIN

                           Plaintiff,

  -against-

FALCON RECOVERY SYSTEMS. LLC.

                         Defendant.

---------------------------------------------------------------

**CLASS ACTION COMPLAINT**

07 CV 7470

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

     Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.    This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.    This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.    Venue is proper in this District because the acts and transactions that give rise to this occurred, in substantial part, in this District. Additionally, plaintiff resides in this District.

4.    Mangin is a citizen of the State of New York who resides in this District.

5.    Mangin is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA

in that the alleged debt that the defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant is an active New York business, which caused the collection letter complained of herein to be sent within the county of New York, State of New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant. **Exhibit A.**

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant as of one year prior to the filing of plaintiff's complaint until the present, which included language that indicated that a credit report would be made if the debt was not paid in full within 30 days. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692g and 1692e.

    b. Whether plaintiff and the Class have been injured by the defendant's conduct; and

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendant to the plaintiff.

21. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. Section 1692e of the Fair Debt Collection Practices Act states that:
"A debt collector may not use any false, deceptive or misleading representation or means

in connection with the collection of any debt."

23. Section 1692g requires the debt collector to give what is commonly referred to as a 30-day notice within five days of its communication with the consumer.

24. Defendant violated § 1692g, by making threats that overshadow the proper 30-day notice.

25. Defendant violated § 1692e by using false and deceptive means in connection with the collection of the debt.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
August 8, 2007

Lawrence Katz (LK-0062)
Attorney at Law
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile   (516) 706-2404

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz (LK-0062)

**EXHIBIT A**

PO Box 552
Canton NY 13617-0552
ADDRESS SERVICE REQUESTED

**FALCON RECOVERY SYSTEMS LLC**
(315) 379-0136 ♦ 1-888-407-5600

July 16, 2007

120837-0I1  0146414  0014545
Timothy R Mangin
73 B Buck St
Canton NY 13617-

FALCON RECOVERY SYSTEMS LLC
PO Box 552
Canton NY 13617-0552

Account #: 120837
Total Balance Due: $85.00

Amount Enclosed: $ _____

Past Due Balance

***Detach Upper Portion And Return With Payment***

Re: **Dr Thomas Nystrom**

Account #:           120837
Reference Number:    14289
Total Balance Due:   $85.00
Also Responsible:

The above referenced creditor has referred your account to our office for immediate collection. The entire balance is due and payable at once.

If you cannot pay the entire bill at once, call the phone number below to make arrangements to pay. For immediate and proper credit, mail your check directly to this office. Include the top portion of this notice with your remittance. Please refer to this account number 120837 on all correspondence with this office. We also accept VISA or MasterCard, please mail the necessary information below or call our office with the information. This outstanding account may be reported to your TransUnion Credit report, if not paid in full within 30 days. An interest rate may be charged to all accounts outstanding after 30 days.

Sincerely,
Jessica Taylor
Falcon Recovery Systems, LLC
(315) 379-0136 or 1-888-407-5600

**This is an attempt to collect a debt, any information obtained will be used for that purpose.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you wish to pay by VISA or MasterCard, please fill in the information below and return the entire letter to us.

| Account Number | Payment Amount |  Expiration Date |
|---|---|---|
| | $ | |

Card Holder Name _____  Signature of Card Holder _____  Date _____

DFALC1001

Falcon Recovery Systems LLC ♦ PO Box 552 ♦ Canton NY 13617-0552 ♦ (315) 379-0136 ♦ 1-888-407-5660